**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL BANERIAN; *et al.*,

                    Plaintiffs,

v.

JOCELYN BENSON, in her official capacity
as the Secretary of State of Michigan; *et al.,*

                    Defendants,

and

JOAN SWARTZ MCKAY; GRACE
HUIZINGA; SAMANTHA NEUHAUS;
JORDAN NEUHAUS; CAYLEY WINTERS;
GLENNA DEJONG; MARSHA CASPAR;
HEDWIG KAUFMAN; COLLIN
CHRISTNER; MELANY MACK; ASHLEY
PREW; SYBIL BADE; SUSAN DILIBERTI;
LISA WIGNET; MATTHEW WIGNET;
PAMELA TESSIER; and SUSANNAH
GOODMAN,

          Proposed Intervenor-Defendants.

Case No. 1:22-CV-00054-PLM-SJB

**PROPOSED INTERVENOR-
DEFENDANTS' OPPOSED
MOTION TO INTERVENE**

| | |
|---|---|
| Charles R. Spies<br>**Dickinson Wright PLLC**<br>123 Allegan Street<br>Lansing, MI 49833<br>(517) 371-1730<br>cspies@dickinsonwright.com<br>*Counsel for Plaintiffs Michael Banerian,*<br>*Michon Bommarito, Peter Colovos, William*<br>*Gordon, Joseph Graves, Beau LaFave, Sarah*<br>*Paciorek, Cameron Pickford, Harry Sawicki,*<br>*and Michelle Smith* | Sarah S. Prescott (P70510)<br>**Salvatore Prescott Porter &**<br>**Porter, PLLC**<br>105 E. Main Street<br>Northville, MI 48168<br>(248) 679-8711<br>sprescott@spplawyers.com<br>*Counsel for Proposed Intervenor-*<br>*Defendants* |

<div style="columns:2">

Max Abram Aidenbaum
**Dickinson Wright PLLC** (Detroit)
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
(313) 223-3093
maidenbaum@dickinsonwright.com
*Counsel for Plaintiffs Michael Banerian, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Cameron Pickford, and Harry Sawicki*

Edward M. Wenger
**Holtzman Vogel Baran Tochinsky & Josefiak PLLC** (Washington)
2300 N. St., NW, Ste. 643a
Washington DC 20037
(202) 737-8808
emwenger@holtmanvogel.com
*Counsel for Plaintiffs Michael Banerian, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Cameron Pickford, and Harry Sawicki*

Jason Torchinsky
Shawn Sheehy
**Holtzman Vogel Baran Torchinsky & Josefiak PLLC**
15405 John Marshall Hwy.
Haymarket, VA 20169
(540) 341-8808
jtorchinsky@HoltzmanVogel.com
ssheehy@hvjt.law
*Counsel for Plaintiffs Michael Banerian, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Cameron Pickford, and Harry Sawicki*

Marc E. Elias
Emma Olson Sharkey*
Melinda K. Johnson*
Aaron M. Mukerjee*
Raisa Cramer*
**Elias Law Group LLP**
10 G St NE, Ste 600
Washington, DC 20002
(202) 968-4490
melias@elias.law
eolsonsharkey@elias.law
mjohnson@elias.law
amukerjee@elias.law
rcramer@elias.law
*Counsel for Proposed Intervenor-Defendants*

*\*Motions for Admission Forthcoming*

</div>

**PROPOSED INTERVENOR-DEFENDANTS' OPPOSED MOTION TO INTERVENE**

Proposed Intervenor-Defendants ("Proposed Intervenors") seek to participate as intervening defendants in the above-captioned lawsuit to safeguard their substantial and distinct legal interests, which will otherwise be inadequately represented in this litigation. For the reasons discussed in the memorandum in support, filed concurrently herewith, Proposed Intervenors are

entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a)(2). In the alternative, Proposed Intervenors request permissive intervention pursuant to Rule 24(b). Proposed Intervenors contacted counsel for all parties. Plaintiffs oppose this motion, the Commission takes no position on this motion, and Secretary Benson takes no position on this motion.

WHEREFORE, Proposed Intervenors request that the Court grant them leave to intervene in the above-captioned matter and to file their proposed partial Motion to Dismiss (Ex. 1) and proposed partial Answer (Ex. 2). Respectfully submitted, this 2nd day of February, 2022.

Date:   February 2, 2022

/s/ Sarah S. Prescott
Sarah S. Prescott, Bar No. 70510
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 E. Main Street
Northville, MI 48168
sprescott@spplawyers.com

Marc E. Elias
Emma Olson Sharkey*
Melinda K. Johnson*
Aaron M. Mukerjee*
Raisa Cramer*
**Elias Law Group LLP**
10 G St NE, Ste 600
Washington, DC 20002
Tel.: (202) 968-4490
melias@elias.law
eolsonsharkey@elias.law
mjohnson@elias.law
amukerjee@elias.law
rcramer@elias.law

*Counsel for Proposed Intervenor-Defendants*

*\*Motions for Admission Forthcoming*

## CERTIFICATE OF SERVICE

Sarah S. Prescott certifies that on the 2nd day of February 2022, she served a copy of the above document in this matter on all counsel of record and parties via the ECF system.

<u>/s/ Sarah S. Prescott</u>
Sarah S. Prescott

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BANERIAN; *et al.*,

                Plaintiffs,

v.

JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan; *et al.,*

                Defendants,

and

JOAN SWARTZ MCKAY; GRACE HUIZINGA; SAMANTHA NEUHAUS; JORDAN NEUHAUS; CAYLEY WINTERS; GLENNA DEJONG; MARSHA CASPAR; HEDWIG KAUFMAN; COLLIN CHRISTNER; MELANY MACK; ASHLEY PREW; SYBIL BADE; SUSAN DILIBERTI; LISA WIGNET; MATTHEW WIGNET; PAMELA TESSIER; and SUSANNAH GOODMAN,

                Proposed Intervenor-Defendants.

**Case No. 1:22-CV-00054-PLM-SJB**

---

| | |
|---|---|
| Charles R. Spies<br>**Dickinson Wright PLLC**<br>123 Allegan Street<br>Lansing, MI 49833<br>(517) 371-1730<br>cspies@dickinsonwright.com<br>*Counsel for Plaintiffs Michael Banerian, Michon Bommarito, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Sarah Paciorek, Cameron Pickford, Harry Sawicki, and Michelle Smith* | Sarah S. Prescott (P70510)<br>**Salvatore Prescott Porter & Porter, PLLC**<br>105 E. Main Street<br>Northville, MI 48168<br>(248) 679-8711<br>sprescott@spplawyers.com<br>*Counsel for Proposed Intervenor-Defendants* |

| | |
|---|---|
| Max Abram Aidenbaum<br>**Dickinson Wright PLLC** (Detroit)<br>500 Woodward Ave., Ste. 4000<br>Detroit, MI 48226-3425<br>(313) 223-3093<br>maidenbaum@dickinsonwright.com<br>*Counsel for Plaintiffs Michael Banerian, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Cameron Pickford, and Harry Sawicki*<br><br>Edward M. Wenger<br>**Holtzman Vogel Baran Tochinsky & Josefiak PLLC** (Washington)<br>2300 N. St., NW, Ste. 643a<br>Washington DC 20037<br>(202) 737-8808<br>emwenger@holtmanvogel.com<br>*Counsel for Plaintiffs Michael Banerian, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Cameron Pickford, and Harry Sawicki*<br><br>Jason Torchinsky<br>Shawn Sheehy<br>**Holtzman Vogel Baran Torchinsky & Josefiak PLLC**<br>15405 John Marshall Hwy.<br>Haymarket, VA 20169<br>(540) 341-8808<br>jtorchinsky@HoltzmanVogel.com<br>ssheehy@hvjt.law<br>*Counsel for Plaintiffs Michael Banerian, Peter Colovos, William Gordon, Joseph Graves, Beau LaFave, Cameron Pickford, and Harry Sawicki* | Marc E. Elias<br>Emma Olson Sharkey*<br>Melinda K. Johnson*<br>Aaron M. Mukerjee*<br>Raisa Cramer*<br>**Elias Law Group LLP**<br>10 G St NE, Ste 600<br>Washington, DC 20002<br>(202) 968-4490<br>melias@elias.law<br>eolsonsharkey@elias.law<br>mjohnson@elias.law<br>amukerjee@elias.law<br>rcramer@elias.law<br>*Counsel for Proposed Intervenor-Defendants*<br><br>*\*Motions for Admission Forthcoming* |

**PROPOSED INTERVENOR-DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES..................................................................................................ii

BACKGROUND.................................................................................................................1

LEGAL STANDARD..........................................................................................................2

ARGUMENT.......................................................................................................................3

      I.      Proposed Intervenors satisfy the requirements for intervention as of right.............3

            A.      Proposed Intervenors' motion is timely........................................................3

            B.      Proposed Intervenors have substantial interests in this litigation, and their ability to protect those interests might be impaired by a favorable ruling for Plaintiffs........................................................................5

            C.      The existing parties will not adequately represent Proposed Intervenors' interest........................................................................................6

      II.     Alternatively, the Court should grant Proposed Intervenors permissive intervention under Rule 24(b)(1)..................................................................................7

CONCLUSION....................................................................................................................7

CERTIFICATE OF SERVICE..........................................................................................-1-

CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.3(b)(ii).......-2-

# **INDEX OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Blount-Hill v. Zelman*, 636 F.3d 278, 283-84 (6th Cir. 2011)......................................................2-3

*Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)..............................................................5

*Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020)........................................................................7

*Burrell v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-10508,
　2016 WL 9414103, at *1 (E.D. Mich. June 10, 2016).........................................................4

*Conservation Law Found. of New Eng., Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992)........6

*Daunt v. Benson,* 999 F.3d 299, 321 (6th Cir. 2021)........................................................................2

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)......................................................................3

*Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)............................................................2

*Hatton v. Cnty. Bd. of Educ. of Maury Cnty., Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970)...............5

*Issa v. Newsom*, No. 2:20-cv-01044-MCE-CKD
　2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020).............................................................7

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).....................................................3

*Kirsch v. Dean*, 733 F. App'x 268, 275 (6th Cir. 2018). .................................................................4

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). ..................................................6

*League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 579 (6th Cir. 2018). ......................3

*Linton ex rel. Arnold v. Comm'r of Health & Env't*,
　973 F.2d 1311, 1318-19 (6th Cir. 1992). .......................................................................4, 6

*Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996). ...............................................................6

*Mich. State v. Miller*, 103 F.3d 1240, 1245, 1247, 1248 (6th Cir. 1997). ...................................5-7

*Priorities USA v. Benson*, 448 F. Supp. 3d 755, 759–60, 763 (E.D. Mich. 2020). .....................3-4

*Pub. Int. Legal Found., Inc. v. Winfrey*, 463 F. Supp. 3d 795, 799–800 (E.D. Mich. 2020)...........3

*Purnell v. City of Akron*, 925 F.2d 941, 948, 950 (6th Cir. 1991). ...........................................2, 5

*Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 372 (6th Cir. 2014). ..............................5

*Rucho v. Common Cause*, 139 S. Ct. 2484, 2491 (2019). .............................................................2

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000). ............................................2-3

**Rules** **Page(s)**

Fed. R. Civ. P. 24(a)..................................................................................................1-2, 5, 7-8

Fed. R. Civ. P. 24(b)..........................................................................................................3, 7-8

Fed. R. Civ. P. 24(c) ...............................................................................................................1

**PROPOSED INTERVENOR-DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenor-Defendants ("Proposed Intervenors") move to intervene as defendants in this lawsuit. Proposed Intervenors are Michigan voters who support fair and constitutional redistricting maps, and who believe in Michigan's independent redistricting process.[1]

Through this action, Plaintiffs seek to upend the congressional map adopted by the state's independent citizens redistricting commission (the "Commission"). In so doing, Plaintiffs attempt to undermine the will of the voters by circumventing the redistricting process explicitly approved by Michigan voters and enshrined in the Michigan Constitution. Seventeen of those voters now seek to intervene in this litigation to defend their important and substantial interests.

In accordance with Rule 24(c) and this Court's Information and Guidelines for Civil Practice § IV(A)(1), attached are a proposed partial motion to dismiss (Ex. 1), and a proposed answer (Ex. 2).

**BACKGROUND**

In November 2018, Michiganders voted overwhelmingly in favor of creating the Commission to draw Michigan's congressional and legislative maps. The goal of the Commission is to allow ordinary citizens the opportunity to draw fair maps, thereby putting an end to the

---

[1] Under the Commission-drawn congressional map, Proposed Intervenor Joan Swartz McKay will vote in the 1st Congressional District; Grace Huizinga will vote in the 2nd Congressional District; Samantha Neuhaus and Jordan Neuhaus will vote in the 3rd Congressional District; Cayley Winters, Glenna DeJong, and Marsha Caspar will vote in the 4th Congressional District; Hedwig Kaufman will vote in the 5th Congressional District; Collin Christner will vote in the 6th Congressional District; Melany Mack will vote in the 7th Congressional District; Ashley Prew will vote in the 8th Congressional District; Sybil Bade will vote in the 9th Congressional District; Susan Diliberti will vote in the 10th Congressional District; Lisa Wigent and Matthew Wigent will vote in the 11th Congressional District; Pamela Tessier will vote in the 12th Congressional District; and Susannah Goodman will vote in the 13th Congressional District.

extreme partisan gerrymandering that plagued Michigan for over a decade. Indeed, in upholding the Commission's constitutionality, the Sixth Circuit noted last year in *Daunt v. Benson* that "[a]lthough claims of unconstitutional partisan gerrymandering may be nonjusticiable . . . Michigan is free to employ its political process to address the issue head on. It did so, adopting the Amendment after Michiganders overwhelmingly voted in favor of Proposal 18-2, and its eligibility criteria for the Commission do not offend the First or Fourteenth Amendments." 999 F.3d 299, 321 (6th Cir. 2021) (citing *Rucho v. Common Cause*, 139 S. Ct. 2484, 2491 (2019)).

But Plaintiffs in the present lawsuit would undo those gains. Moreover, they seek to undermine the Commission's authority by asking this Court to invent a federal claim that does not exist and to draw Michigan's congressional map itself. Proposed Intervenors now seek to intervene to defend the Commission's congressional map and help ensure that any changes to the map as a result of this lawsuit do not upend it altogether—and with it, the will of the voters who approved the Commission.

## LEGAL STANDARD

The requirements for intervention "should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)). To intervene as of right under Rule 24(a), the proposed intervenor must show that "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)).

2

"Permissive intervention has a less exacting standard than mandatory intervention and courts are given greater discretion to decide motions for permissive intervention." *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 759–60 (E.D. Mich. 2020) (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Moreover, "[t]he interest of the intervenors, for the purposes of permissive intervention, only needs to be 'distinct' from the defendants, regardless of whether it is 'substantial.'" *Pub. Int. Legal Found., Inc. v. Winfrey*, 463 F. Supp. 3d 795, 799–800 (E.D. Mich. 2020) (quoting *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 579 (6th Cir. 2018)).

## ARGUMENT

### I. Proposed Intervenors satisfy the requirements for intervention as of right.

#### A. Proposed Intervenors' motion is timely.

Courts consider the following factors in deciding whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall*, 226 F.3d at 472–73 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Zelman*, 636 F.3d at 284 (quoting *Glickman*, 226 F.3d at 472-73).

3

This suit has just begun; no proceedings have yet occurred, and none of the named defendants have even appeared, let alone filed any responsive pleadings. In fact, Proposed Intervenors' motion was filed just 13 days after Plaintiffs' initial complaint and 4 business days after Plaintiffs' amended complaint. *See Priorities USA*, 448 F. Supp. 3d at 763 (concluding that it was "difficult to imagine a more timely intervention" where legislature moved to intervene just twenty days after lawsuit was filed without being formally noticed); *see also Burrell v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-10508, 2016 WL 9414103, at *1 (E.D. Mich. June 10, 2016) ("The motion is timely, as it was filed less than three months after the suit was removed to federal court."). Proposed Intervenors seek to intervene in order to defend their interests in voting under fair and constitutional congressional maps for the next decade. Proposed Intervenors filed this motion at this early stage, before any proceedings have been held and before the existing Defendants have responded to Plaintiffs' allegations, in order to defend their interests at each possible stage of this litigation. This constitutes a "legitimate purpose for intervention" and "the motion to intervene [is] timely in light of the stated purpose for intervening." *Kirsch v. Dean*, 733 F. App'x 268, 275 (6th Cir. 2018) (citing *Linton ex rel. Arnold v. Comm'r of Health & Env't*, 973 F.2d 1311, 1318 (6th Cir. 1992)).

Moreover, there is no risk of prejudice to other parties if intervention is granted. Proposed Intervenors are prepared to follow any briefing schedule the Court sets, including on Plaintiffs' motion for preliminary injunction. Far from delaying, Proposed Intervenors have an interest in resolving this matter as quickly as possible in order to allow the Commission-drawn congressional map to go into effect prior to Michigan's April 19 candidate filing deadline.

### B. Proposed Intervenors have substantial interests in this litigation, and their ability to protect those interests might be impaired by a favorable ruling for Plaintiffs.

Proposed Intervenors' interests in this action are weighty. The Federal Rules of Civil Procedure require that Intervenors "must have a direct and substantial interest in the litigation . . . such that [they are] a 'real party in interest in the transaction which is the subject of the proceeding,'" *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 372 (6th Cir. 2014). The Sixth Circuit, in particular, "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (citing *Hatton v. Cnty. Bd. of Educ. of Maury Cnty., Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970) (noting that "this court has acknowledged that 'interest' is to be construed liberally")). Indeed, an intervenor "need not have the same standing necessary to initiate a lawsuit," and the Sixth Circuit has "cited with approval decisions of other courts 'reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Miller*, 103 F.3d at 1245 (quoting *Purnell*, 925 F.2d at 948). The burden of establishing impairment of a substantial interest is "minimal," *id.* at 1247, and an intervenor need only demonstrate that impairment is possible, *see Purnell*, 925 F.2d at 948. The Sixth Circuit has specifically found that such impairment exists where a Proposed Intervenor "may lose the opportunity to ensure that one or more electoral campaigns in Michigan are conducted under legislatively approved terms that [the proposed intervenor] believes to be fair and constitutional," *Miller*, 103 F.3d at 1247.

Here, Proposed Intervenors are registered Michigan voters who have voted previously and plan to vote again in federal congressional elections. Proposed Intervenors support and have an interest in voting in congressional districts that they believe to be fair and constitutional. If this Court orders Plaintiffs' proposed remedy and enjoins the Commission's congressional plan on the

5

basis of Count II, Proposed Intervenors' congressional districts will be changed, possibly dramatically. As in *Miller*, without intervention, Proposed Intervenors "may lose the opportunity to ensure that one or more electoral campaigns in Michigan are conducted under . . . terms that [they] believe[] to be fair and constitutional." *Id.*

### C. The existing parties will not adequately represent Proposed Intervenors' interest.

None of the Defendants in this case adequately represent Proposed Intervenors' interests in retaining the enacted district plan. "Although a would-be intervenor is said to shoulder the burden with respect to establishing that its interest is not adequately protected by the existing parties to the action, this burden 'is minimal because it is sufficient that the movant[] prove that representation *may* be inadequate.'" *Id.* (alteration in original) (emphasis added) (quoting *Linton*, 973 F.2d at 1319). Moreover, where one of the original parties to the suit is a government entity whose "views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it," courts have found that "the burden [of establishing inadequacy of representation] is comparatively light." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998) (citing *Conservation Law Found. of New Eng., Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992); *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996)).

Here, Defendants are the Michigan Secretary of State and the Commissioners of the Michigan Independent Citizens Redistricting Commission. While these government defendants have an undeniable interest in conducting elections under the duly enacted laws of Michigan, Proposed Intervenors have a different interest: voting in what they believe to be fair, constitutional congressional districts. Moreover, in the attached proposed filings, Proposed Intervenors move to dismiss only as to only Count II of Plaintiffs' Complaint, and intend to file an Opposition to

6

Plaintiffs' Motion for Preliminary Injunction only as to Count II. As a result, the parties' interests are neither "identical" nor "the same." *Issa v. Newsom*, No. 2:20-cv-01044-MCE-CKD, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020) (citation omitted). Because Proposed Intervenors' particular interests are not shared by the present parties in this litigation, they cannot rely on Defendants or anyone else to provide adequate representation. They have thus satisfied the four requirements for intervention as of right under Rule 24(a)(2).

### II. Alternatively, the Court should grant Proposed Intervenors permissive intervention under Rule 24(b)(1).

In the alternative, Proposed Intervenors should be granted permissive intervention under Rule 24(b)(1). In deciding whether to grant permissive intervention, courts consider whether the "motion for intervention is timely and there is at least one common question of law or fact" and balance "undue delay, prejudice to the original parties, and any other relevant factors." *Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020) (emphasis omitted) (quoting *Mich. State AFL-CIO*, 103 F.3d at 1248).

As previously discussed, this motion was filed just 13 days after Plaintiffs' complaint, and no proceedings have yet occurred. As demonstrated by the attached Proposed Answer and Proposed Partial Motion to Dismiss, Proposed Intervenors intend to raise defenses that are directly responsive to Plaintiffs' claims, and therefore share common questions of law and fact with Plaintiffs' claims. Moreover, as previously discussed, Proposed Intervenors are prepared to follow any briefing schedule the Court sets and to participate in any future hearings or oral arguments, without delay. Thus, there will be no prejudice to the original parties. Other relevant factors, including the fact that this case will likely determine the congressional redistricting map under which Proposed Intervenors will vote for the next decade, also favor granting permissive intervention.

## CONCLUSION

For the reasons stated above, Proposed Intervenors respectfully request that the Court grant their motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b)(1).

Date: February 2, 2022

Respectfully submitted,

/s/ Sarah S. Prescott
Sarah S. Prescott, Bar No. 70510
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 E. Main Street
Northville, MI 48168
(248) 679-8711
sprescott@spplawyers.com

Marc E. Elias
Emma Olson Sharkey*
Melinda K. Johnson*
Aaron M. Mukerjee*
Raisa Cramer*
**Elias Law Group LLP**
10 G St NE, Ste 600
Washington, DC 20002
Tel.: (202) 968-4490
melias@elias.law
eolsonsharkey@elias.law
mjohnson@elias.law
amukerjee@elias.law
rcramer@elias.law

*Counsel for Proposed Intervenor-Defendants*
**Motions for Admission Forthcoming*

8

- 1 -

## CERTIFICATE OF SERVICE

      Sarah S. Prescott certifies that on the 2nd of February, 2022, she served a copy of the above document in this matter on all counsel of record and parties via the ECF system.

Date: February 2, 2022                              Respectfully submitted,

                                                                               */s/ Sarah S. Prescott*
                                                                               Sarah S. Prescott

- 2 -

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(b)(ii), counsel for Proposed Intervenors certify that this brief contains 2,405 words, as indicated by Microsoft Word 2021, inclusive of any headings, footnotes, citations and quotations, and exclusive of the caption, cover sheets, table of contents, table of authorities, signature block, any certificate, and any accompanying documents.

Date: February 2, 2022                                        Respectfully submitted,

                                                              */s/ Sarah S. Prescott*
                                                              Sarah S. Prescott